FREESTATE SAVINGS AND LOAN ASSOCIATION, INC. *v.* DIRECTOR, STATE DEPARTMENT OF ASSESSMENTS AND TAXATION

[No. 355, September Term, 1961.]

314

*Decided July 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ., and
NILES, J., Chief Judge of the Supreme Bench of Baltimore
City, specially assigned.

*Leon H. A. Pierson* and *William E. Brooke,* with whom
were *Shriver & Brooke* on the brief, for the appellant.

*James P. Garland, Assistant Attorney General,* with whom
was *Thomas B. Finan, Attorney General,* on the brief, for
the appellee.

Brief of *amici curiae* filed by *Richard W. Case, Joseph M. Roulhac* and *Smith, Somerville & Case* for Maryland Savings and Loan League, Inc., and Maryland League of Building, Savings and Loan Associations, Inc.

HAMMOND, J., delivered the opinion of the Court.

The appeal is from an order appointing a receiver for Freestate Savings and Loan Association, Inc., under the provisions of Sec. 160L of Ch. 1 of the Laws of the Special Session of 1961, and directing that the charter of the Association be forfeited and the association dissolved pursuant to the provisions of Code (1957), Art. 23, Sec. 84. The order was passed after a full hearing on the merits, on findings by the chancellor of an emergency which justified the invoking of Sec. 160L of Ch. 1 and of impairment or insolvency and unsafe and unsound operation of the Association.

The appellant challenges the order appealed from on the grounds (a) that Ch. 1 of the Laws of the Special Session is unconstitutional; (b) that Ch. 1 was not in effect when the order below was passed; (c) that Sec. 84 of Art. 23 had been repealed and the court could not forfeit the charter of Freestate and order its dissolution pursuant to that section; and (d) that the petitioners below did not comply with the applicable statutes, assuming that they were in effect.

The opinion in *First Continental Savings & Loan Association v. Director*, 229 Md. 293, which was argued immediately before this case, answered the first two contentions of appellant by holding Ch. 1 constitutional and in effect, and that decision controls here.

There is no substance to the argument that Sec. 84 of Art. 23 was repealed. Section 160KK of Ch. 1 (and Sec. 161KK of Ch. 205 of the Laws of 1961) recites that its provisions "shall be considered as additions to all existing laws covering or affecting building, savings and loan or homestead associations * * * and shall replace and prevail over such existing laws to the extent that the provisions of these Sections are contradictory or inconsistent, but only to the extent of such contradiction or inconsistency, and *such existing laws,* subject to the

above provisions, *shall be and remain in full force and effect as if these Sections had never been enacted."* (Emphasis supplied.)

It is clear that there was no repeal of Sec. 84 of Art. 23 of the Code by either Ch. 1 or Ch. 205.

The contention that the petitioners below did not comply with the statutes had two thrusts. First, it is said there was no showing of any emergency. We pointed out in the *First Continental* case, cited above, that the statute, Sec. 160L, does not contemplate a finding by the court of any emergency as a prerequisite to appointment of a receiver and that it is enough that the Director determine there exist conditions which, in the public interest, require immediate appointment of a receiver. In this case the chancellor, after a full hearing, determined, accurately we think, that there was an emergency, and this was the equivalent of a holding that the Director's finding to that effect had been sound.

Second, it is argued that the Director must follow all the administrative procedures and remedies provided by Ch. 1 in an effort to correct any impairment and any abuses or deficiencies in operations before he may seek the appointment of a receiver.

There is no merit to the contention. Section 160H allows the Director to require the discontinuance by an association of any illegal practices. Section 160P (g) (2) provides for the levying of an assessment on the guaranty stock of an association if the Director determines the capital of an association is impaired. Appellant argues that the Director must have used these statutory remedies before proceeding under Sec. 160L for the appointment of a receiver. We do not so read the Act. The powers given the Director are in the alternative and, it would seem, permit him to administer as much and as strong medicine as he determines the extent and severity of the corporate illness requires. If it is so severe as to amount to an emergency which requires the strongest medicine of receivership, he may seek to administer that without first using other statutory remedies. Statutes of California similar to Ch. 1 were so interpreted in *North American Building-Loan Ass'n v. Richardson,* 56 P. 2d 1221 (Cal.).

The findings of the chancellor that there was impairment and illegal and unsound operation so extensive as to warrant receivership, forfeiture of the charter and dissolution for Freestate, were fully supported by the testimony.

*Order affirmed, with costs.*